IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN EARL FOLSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-905-D |
| | ) |
| BERRY [LAST NAME UNKNOWN], | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends the dismissal of this action without prejudice due to Plaintiff's failure to pay the initial partial filing fee or otherwise comply with the order for payment.[1] Plaintiff has not filed a timely objection but, instead, has filed two motions.[2] Liberally construed, Plaintiff's most recent filing [Doc. No. 16] could be read to address the issue of fee payment, and thus, the Court exercises its discretion to treat the filing as an objection.[3] The Court must "make a de novo determination of those portions of the report

---

[1] *See* Order Granting Leave to Proceed *In Forma Pauperis* [Doc. No. 11].

[2] Plaintiff's Motion for Appointment of Counsel [Doc. No. 15] seeks legal representation. The other Motion [Doc. No. 16], which was filed in all Plaintiff's pending civil cases, seeks injunctive relief regarding medical and mental health treatment and law library services.

[3] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Liberally construing the objection, Plaintiff asserts that he is indigent and should be excused from the requirement of 28 U.S.C. § 1915(b)(1) to make an initial partial payment. *See* Motion [Doc. No. 16] at 6-7 (seeking order declaring "no charge to indigent plaintiff" because "Prison Litigation Reform Act is unconst"). Plaintiff appears to assert that filing fees should not be assessed because the amendment of § 1915 by the Prison Litigation Reform Act to require partial payments is unconstitutional. *Id*. Plaintiff's recent filings also reflect a change of address due to a prison transfer.

Upon *de novo* consideration of the R&R and issues raised by Plaintiff's objection, the Court finds no dispute of Judge Erwin's findings regarding the amount of the initial partial payment required by § 1915(b)(1). The Court rejects any request by Plaintiff to be excused from the payment requirement and to be exempt from filing fee assessments. Although Plaintiff has been authorized to proceed without prepayment of fees under § 1915(a)(1), he must make the partial payments required by § 1915(b). *See Childs v. Ortiz*, 259 F. App'x 139, 142 (10th Cir. 2007) (unpublished) (prisoners "do not have a right to completely free access to the courts;" statute requiring partial fee payments does not violate constitutional right of access to courts); *see also Shabazz v. Parsons*, 127 F.3d 1246 (10th Cir. 1997) (rejecting constitutional challenge to fee payment requirements of § 1915(b)). Under the circumstances, however, the Court finds that Plaintiff should be granted additional time to comply with Judge Erwin's order for payment. *See*, *e.g.*,

2

*Arocho v. United States*, 502 F. App'x 730, 733 (10th Cir. 2012) (unpublished) (district court abused discretion by dismissing case without giving *pro se* prisoner sufficient opportunity to comply with order to submit copy of inmate trust account); *Childs v. GEO Grp., Inc.*, 521 F. App'x 694, 696 (10th Cir. 2013) (unpublished) (district court abused its discretion in dismissing case without giving *pro se* prisoner sufficient opportunity to comply with payment order).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 14] is **ADOPTED** to the extent that the recommended dismissal will be ordered if Plaintiff does not comply with the requirement to pay an initial partial filing fee of $24.35, or show cause in writing for nonpayment, by December 30, 2021.

**IT IS SO ORDERED** this 2nd day of December, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge